OPINION
{¶ 1} Defendant-appellant Earl E. Kandel appeals his February 13, 2004 sentence in the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On November 4, 2003, appellant was involved in a domestic dispute. Prior to the dispute, appellant consumed four or five beers, and drove to a residence with a loaded weapon. At the residence, appellant argued with Brad Simpson and Patricia Kandel, engaging in a physical altercation with both. During the argument, appellant talked of shooting something or someone, reaching behind his back and making "shooting motions." Appellant eventually left the residence, and was stopped by a Loudonville Police Officer. Appellant was arrested for operating a motor vehicle under the influence of alcohol and was taken to the police department. A search of appellant's vehicle resulted in finding a loaded.40 caliber Smith Wesson semiautomatic pistol within reach of the driver.
 {¶ 3} On February 11, 2004, a jury convicted appellant of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1); improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(B); and carrying a firearm while under the influence of alcohol, in violation of R.C. 2923.15(A).
 {¶ 4} On February 13, 2004, the trial court sentenced appellant to fifteen days in jail, a $350.00 fine plus costs and a one-year operator's license suspension on the charge of operating a motor vehicle under the influence of alcohol. The trial court also ordered appellant to go to a three-day alcohol school, stating it would suspend three days of appellant's jail sentence after its completion. On the charge of improper handling of a firearm in a motor vehicle, the trial court sentenced appellant to ninety days in jail and a $200.00 fine. On the charge of carrying a firearm while under the influence of alcohol, the trial court sentenced appellant to ninety days in jail and a $200.00 fine. The trial court ordered each of the sentences be served consecutively, suspending 135 days of the total jail term and placing appellant on probation for one year.
 {¶ 5} Appellant now appeals his sentence assigning as error:
 {¶ 6} "I. The trial court abused its discretion in sentencing appellant to jail terms for misdemeanor convictions without considering the facotrs [sic] and criteria contained in R.C.2929.22 and R.C. 2929.12."
 I {¶ 7} As an appellate court, we will not reverse the trial court's sentencing decisions absent an abuse of discretion. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark
(1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v.Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 8} Appellant specifically relies upon R.C. 2929.22(B) and2929.12(C) arguing the trial court abused its discretion without considering the factors and criteria set forth in the statutes.
 {¶ 9} R.C. 2929.22(B) governs the imposition of sentences for misdemeanors:
 {¶ 10} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 11} "(a) The nature and circumstances of the offense or offenses;
 {¶ 12} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 13} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 14} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 15} (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B) (1)(b) and (c) of this section.
 {¶ 16} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 17} R.C. 2929.12(C) sets forth the criteria to be considered in imposing a jail term for a misdemeanor:
 {¶ 18} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 19} "(1) The victim induced or facilitated the offense.
 {¶ 20} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 21} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 22} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 23} Appellant maintains there is no indication in the record the trial court considered and weighed the factors set forth in R.C. 2929.22(B) or considered the criteria set forth in R.C. 2929.12(C) against imposing a jail sentence; therefore, the trial court abused its discretion in rendering appellant's sentence.
 {¶ 24} There is nothing in the record demonstrating the factors and criteria were not considered. In fact, the trial court stated on the record, "Normally, I have all day to consider what the sentence might be in the event of a conviction. But in view of the number of charges here, I am going to have to give this a little bit of thought before I proceed with sentencing. I do not want to shoot from the hip on this one." Tr. at 220.
 {¶ 25} Where, as here, the maximum sentence imposed for a misdemeanor was not clearly inappropriate to the seriousness of the offense, and the record is silent, we must presume the trial court considered the proper factors enumerated in R.C. 2929.22.State v. Cole (1982), 8 Ohio App.3d 416. While it is preferable, there is no requirement a trial court state on the record it considered the statutory criteria or discuss them. Rather, a silent record raises the presumption the trial court correctly considered the appropriate sentencing criteria. State.V. Adams (1988), 37 Ohio St.3d 295.
 {¶ 26} Based upon the foregoing, we presume the trial court properly considered the statutory factors and criteria in sentencing appellant. The record does not affirmatively demonstrate the trial court failed to do so. In fact, the trial court's remarks, noted supra, are inapposite to such a determination.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} The judgment of the Ashland County Municipal Court is affirmed.
Hoffman, J. Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.