OPINION *Page 2 
{¶ 1} Defendant-appellant Alice F. Lewis appeals her October 25, 2006 sentence in the Fairfield Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In the case sub judice, the record transmitted on appeal does not include appellant's jury trial in which she was acquitted of the charge of driving under the influence. [OVI]. App. R. 9 provides for the record on appeal, and states in pertinent part:
 {¶ 3} "(A) Composition of the record on appeal The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 4} App. R. 9 further provides: "[u]nless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant *Page 3 
intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.
 {¶ 5} "If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so".
 {¶ 6} In this case, the State did not request appellant submit additional parts of the transcript.
 {¶ 7} Accordingly, absent a complete transcript we are unable to review the facts underlying appellant's stop, arrest and acquittal in context. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221, 226,685 N.E.2d 246, 249. In Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), *Page 4 
53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 8} If such transcripts were unavailable other options were available to appellant in order to supply this Court with a transcript for purposes of review. Specifically, under App.R. 9(C), appellant could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates appellant did not attempt to avail herself of either App.R. 9(C) or 9(D).
 {¶ 9} The following facts are established by the record transmitted to this court.
 {¶ 10} On January 20, 2006, Alice Lewis was charged with the following violations: Ohio Revised Code § 4511.19(A)(1)(A), operating a motor vehicle while under the influence of alcohol ("OVI"); Ohio Revised Code § 4511.19(A)(2), operating a motor vehicle while under the influence of alcohol having previously been convicted of or pleaded guilty to a violation of Ohio Revised Code § 4511.19 or a municipal OVI and refusing to submit to a chemical test upon request of a law enforcement officer; Ohio Revised Code § 4510.14 for operating a motor vehicle while driving under an OVI suspension; and Ohio Revised Code § 4513.15 failure to dim headlights. *Page 5 
 {¶ 11} Appellant requested a jury trial. Prior to the commencement of the trial, appellant entered a plea of guilty to the operating a motor vehicle while under an OVI suspension. The trial court deferred sentencing pending the outcome of the jury trial on the remaining charges.
 {¶ 12} The jury found appellant not guilty of the OVI charge, and operating a motor vehicle while under the influence of alcohol having previously been convicted of or pleaded guilty to a violation of Ohio Revised Code § 4511.19 or a municipal OVI and refusing to submit to a chemical test upon request of a law enforcement officer. The Trial Court found appellant guilty of the minor misdemeanor charge of failure to dim headlights.
 {¶ 13} A sentencing hearing was held October 25, 2006. The Trial Court sentenced appellant on the conviction for operating a motor vehicle while driving under an OVI suspension to: one hundred. eighty (180) days imprisonment of which ninety (90) days are suspended and ninety (90) days are to be served; a fine of $500 plus costs; a driver's license suspension of one year; denial of driving privileges; five (5) years probation; 200 hours community service; total abstinence; submission to all requested chemical tests; and SCRAM bracelet for six (6) months. A fine of $25.00 plus court costs was entered upon the minor misdemeanor charge of failure to dim headlights.
 {¶ 14} It is from this sentence that appellant has appealed raising the following assignment of error:
 {¶ 15} "I. THE SENTENCE OF THE TRIAL COURT UPON THE APPELLANT FOR A MISDEMEANOR CRIME OF VIOLATION OF OHIO REVISED CODE § 4510.14 DRIVING *Page 6 
WHILE UNDER AN OVI SUSPENSION, IS UNCONSTITUTIONAL AND AN ABUSE OF DISCRETION."
 I. {¶ 16} In her sole assignment of error appellant maintains that the trial court abused its discretion in sentencing her. Appellant further argues that the sentence in her case is excessive and harsh thereby constituting cruel and unusual punishment. We disagree.
 {¶ 17} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823.
 {¶ 18} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid. . . ." Townsend v. Burke (1948), 334 U.S. 736,741, 68 S.Ct. 1252, 1255.
 {¶ 19} As an appellate court, we will not reverse the trial court's sentencing decisions absent an abuse of discretion. State v.Kandel, 5th Dist. No. 04COA011, 2004-Ohio-6987 at ¶ 7. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or *Page 7 
unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.{¶ 20} R.C. 2929.22(B) governs the imposition of sentences for misdemeanors:
 {¶ 21} "(B) (1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 22} "(a) The nature and circumstances of the offense or offenses;
 {¶ 23} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 24} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 25} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 26} (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B) (1) (b) and (c) of this section.
 {¶ 27} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any *Page 8 
other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 28} R.C. 2929.12(C) sets forth the criteria to be considered in imposing a jail term for a misdemeanor:
 {¶ 29} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 30} "(1) The victim induced or facilitated the offense.
 {¶ 31} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 32} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 33} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 34} Appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary.State v. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361; State v.Kelly (June 17, 2005), Greene App. No. 2004CA122, 2005-Ohio-3058;State v. Kandel, supra, 2004-Ohio-6987 at ¶ 25.
 {¶ 35} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. In other words, an appellate court may review the record to determine whether the trial *Page 9 
court failed to consider the appropriate sentencing factors. State v.Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823
at ¶ 52.
 {¶ 36} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v. Firouzmandi, supra.
 {¶ 37} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. *Page 10 
 {¶ 38} Appellant argues that the trial court's statements at sentencing referring to her testimony during the jury trial concerning her consumption of alcohol and her refusal to submit to a breathalyzer test in the case at bar, as well as her two prior OVI cases indicate that the trial court was punishing appellant for conduct upon which the jury had acquitted her. Appellant contends that these issues are unrelated to the driving under an OVI suspension charge for which she was being sentenced.
 {¶ 39} The trial courts remain free to use their discretion and to consider facts not presented to the jury in deciding the appropriate punishment from within the range prescribed by statute. "Judges, in turn, have always considered uncharged `aggravating circumstances' that, while increasing the defendant's punishment, have not `swell[ed] the penalty above what the law has provided for the acts charged.'"Harris v. U.S. (2002), 536 U.S. 545,562, 122 S.Ct. 2406, 2416.
 {¶ 40} A trial judge retains discretion to choose a punishment and may base his or her decision upon facts related to the commission of the crime and/or the circumstances of the offender. "Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime . . . without suggesting that those facts must be proved beyond a reasonable doubt." McMillan v. Pennsylvania (1986), 477 U.S. 79, 93,106 S.Ct. 2411, 2419. (Citations omitted).
 {¶ 41} In State v. Wiles (1991), 59 Ohio St.3d 71, 571 N.E.2d 97, certiorari denied (1992), 506 U.S. 832, 113 S.Ct. 99, the appellant, Mark W. Wiles, was charged with one count of aggravated murder with two specifications and two counts of *Page 11 
aggravated burglary. A three-judge panel found Wiles guilty of aggravated murder and guilty of one count of aggravated burglary and the specifications relative thereto. On appeal, Wiles contended, among other things, that, while a 1983 burglary charge was dismissed by the three-judge panel, evidence relevant thereto was improperly considered by the court in its sentencing determination.
 {¶ 42} Finding that the objectionable reference arguably encompassed the 1983 burglary, the Wiles court stated that consideration of evidence as to the 1983 burglary charge at the sentencing stage did not constitute reversible error. Id. at 78, 571 N.E.2d 97. Overruling Wiles's proposition of law, the Wiles court stated:
 {¶ 43} "`It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even one of which the defendant has been acquitted.'" Id. at 78, 571 N.E.2d 97, quoting United States v. Donelson (C.A.D.C.1982), 695 F.2d 583, 590. See, also, United States v. Watts (1997), 519 U.S. 148, 117 S.Ct. 633.
 {¶ 44} Accordingly, any statements made by the trial court in the case at bar at sentencing regarding its belief that appellant had committed the OVI offense, refused the breathalyzer test, or had been drinking the night in question do not, standing alone, constitute reversible error.State v. Daniel, 10th Dist. Nos. 05AP-564, 05AP-683, 2006-Ohio-4627 at ¶ 40.
 {¶ 45} In the case at bar, the appellant had entered a plea to the driving under an OVI suspension charge prior to the trial on the remaining charges. Prior to sentencing the court permitted appellant's trial counsel to make a lengthy argument for mitigation of appellant's sentence. (T. at 2; 5 — 6; 12). The trial court further permitted appellant to *Page 12 
address the court. (T. at 7). Appellant conceded that she had three prior OVI's in her lifetime. (T. at 3). R.C. 2929.22(B) (1) (b). Two of the three prior convictions were within the last five years. R.C.2929.22(B) (1) (c). (T. at 5). Appellant's counsel was permitted to explain the circumstances surrounding those offenses. (T. at 5-6). Appellant represented during the jury trial that she had not been drinking for the past four years. (T. at 5). The trial court found the statement to be less than candid based upon the fact that appellant had plead to two OVI offenses during the same time period. R.C. 2929.22(B) (1) (a) and (c). Appellant did not receive the maximum sentence for the offense.
 {¶ 46} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of misdemeanor sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21. Based on the transcript of the sentencing hearing this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant.
 {¶ 47} In the case at bar, the trial court had the discretion to impose a one-hundred eighty day jail sentence, but instead imposed a sentence of ninety days. Despite such a fact, Appellant claims that the ninety day sentence is greatly disproportionate to the crime. Accordingly, appellant contends that the sentence is cruel and unusual. This Court disagrees.
 {¶ 48} The Ohio Supreme Court, in reviewing the prohibitions against cruel and unusual punishment contained in the federal and Ohio constitutions, has determined *Page 13 
that "cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." State v.Weitbrecht (1999), 86 Ohio St.3d 368, 371, 715 N.E.2d 167, quotingMcDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70, 203 N.E.2d 334. See, also, State v. Zudell (July 26, 2000), 9th Dist. No. 99CA007477. In addition, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community."Weitbrecht, 86 Ohio St.3d at 371, 715 N.E.2d 167, quotingMcDougle, 1 Ohio St.2d at 70, 203 N.E.2d 334. The United States Supreme Court has noted "that, outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare [.]" (Emphasis, alterations, and internal quotations omitted.) Solem v. Helm (1983), 463 U.S. 277, 289-90,103 S.Ct. 3001, 77 L.Ed.2d 637.
 {¶ 49} Upon review, we find nothing disproportionate about the sentence appellant received. The trial court imposed a non-maximum jail sentence; a less than maximum fine; less than one-half the maximum time of community service hours; a maximum permissible license suspension; and the maximum probationary period.
 {¶ 50} As this sentence falls within the terms of the sentences permissible for a first degree misdemeanor, it does not amount to cruel and unusual punishment unless it shocks the sense of justice. The sentence in appellant's case is not so greatly disproportionate to the offense as to shock the sense of justice. Accordingly, we find that the sentence for driving under an OVI suspension does not amount to cruel and unusual punishment.
 {¶ 51} Appellant's sole assignment of error is overruled. *Page 14 
 {¶ 52} The judgment of the Municipal Court of Fairfield County, Ohio is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed. Costs to appellant. *Page 1