OPINION *Page 2 
{¶ 2} Defendant-Appellant, Donald L. West, appeals from the judgment of conviction and sentence entered after Appellant entered a guilty plea and was found guilty of one count of Breaking and Entering, in violation of R.C. 2911.13, a felony of the fifth degree. Appellant was sentenced to twelve months in prison. Appellant was initially indicted on two other counts, Theft and Possession of Criminal Tools, both felonies of the fifth degree. These counts were nolled as part of the plea agreement.
 {¶ 2} A timely Notice of Appeal was filed on May 31, 2007. On July 30, 2007, counsel for Appellant filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal was wholly frivolous. While counsel has not set forth specific Assignments of Error, counsel has submitted a brief which reviews the plea and sentencing. The Court will address the following issues:
 I. {¶ 3} "DID THE TRIAL COURT PROPERLY ACCEPT APPELLANT'S PLEA.
 II. {¶ 4} "DID THE TRIAL COURT IMPOSE A LAWFUL SENTENCE UPON APPELLANT."
 {¶ 5} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish *Page 3 
his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} Counsel for Appellant filed a Notice and Certification of Compliance with Court Order verifying he served Appellant with a copy of the brief and notice of his right to file his own brief. Appellant was sent this notice on May 17, 2007, but he has not filed a pro se brief raising any Assignments of Error.
 {¶ 7} We now turn to potential Assignments of Error.
 I. {¶ 8} Crim.R. 11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows:
 {¶ 9} "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally, and;
 {¶ 10} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 11} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 12} "(c) Informing him and determining that he understands that, by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the *Page 4 State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 13} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. We have reviewed the colloquy between the trial court and Appellant at the change of plea hearing. The trial court properly addressed Appellant and advised him of his constitutional rights, the contents of the negotiated plea agreement, the maximum penalty, the fact a presentence investigation would not be conducted, and the ramifications for waiving the presentence investigation. Counsel for Appellant also represented he had discussed all of these topics with Appellant. During the plea, the trial court acknowledged the case did not proceed on a previous day due to concerns Appellant had. The trial court asked Appellant whether the issues had been resolved which Appellant stated they had in fact been resolved.
 {¶ 14} Finally, we note Appellant executed a comprehensive written plea of guilty form with the advice of counsel.
 {¶ 15} Accordingly, the first potential Assignment of Error is hereby overruled.
 II. {¶ 16} Next, we will address the sentence imposed upon Appellant.
 {¶ 17} A trial court has great discretion in sentencing defendants,State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or state reasons for imposing maximum, consecutive, or more than minimum sentences, Id. An individual has no substantive right to a particular sentence *Page 5 
within the range authorized by statute, State v. Firouzmandi, Stark App. No. 2006-CA-41, 2006-Ohio-5823, paragraph 21, citations deleted.
 {¶ 18} We will not reverse the trial court's sentencing decisions absent an abuse of discretion. State v. Kandel, 5th Dist. No. 04COA011,2004-Ohio-6987 at ¶ 7. We note that an abuse of discretion is more than an error of law or judgment; it implies the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
 {¶ 19} The potential range for a felony of the fifth degree is six to twelve months in prison. R.C. 2929.14(A)(5). The trial court imposed a twelve-month sentence which is within the range allowed under the statute. According to the negotiated plea agreement, this was the sentence recommended by the State. We find the trial court selected a sentence within the range provided by statute and followed the negotiated plea agreement.
 {¶ 20} Accordingly, the potential second Assignment of Error is hereby overruled.
 {¶ 21} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court. *Page 6 
 {¶ 22} The judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
Attorney Gerald J. Tiberio, Jr.'s motion to withdraw as counsel for Appellant is hereby denied.
 COSTS TAXED TO APPELLANT. *Page 1