OPINION *Page 2 
{¶ 1} Appellant was charged with one count of Speeding, in violation of R.C. 4511.21(D)(2), a misdemeanor of the third degree. Appellant entered a guilty plea to the charge and was sentenced to a term of ten days in jail.
 {¶ 2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error. Appellee did not file a brief.
 I. {¶ 3} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT CONSIDERING THE SENTENCING GUIDELINES IN R.C.§ 2929.22 OR THE APPROPRIATENESS OF COMMUNITY CONTROL SANCTIONS BEFORE IMPOSING A JAIL SENTENCE FOR A MISDEMEANOR TRAFFIC OFFENSE.
 II. {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING A TEN-DAY JAIL SENTENCE FOR A FOURTH SPEED TRAFFIC OFFENSE WITHIN A TWELVE MONTH PERIOD, WHERE THE PREDICATE SPEEDING VIOLATIONS, WHICH ELEVATED THE OFFENSE FROM A MINOR MISDEMEANOR TO A MISDEMEANOR OF THE THIRD DEGREE, INVOLVED SPEEDS OF 59 MPH IN A 55 MPH ZONE, 71 MPH IN A 55 MPH ZONE AND 69 MPH IN A 65 MPH ZONE." *Page 3 
 {¶ 5} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738. We now will address the merits of Appellant's Assignments of Error.
 I. and II. {¶ 7} In his first potential Assignment of Error, Appellant argues the trial court erred in not considering the sentencing guidelines found in R.C. 2929.22. In his second potential Assignment of Error, Appellant argues the trial court erred in not considering a community control sanction prior to the imposition of a jail sentence as required by under R.C. 2929.21. Because these Assignments of Error are related, we will address them together.
 {¶ 8} R.C. 2929.22(B) governs the imposition of sentences for misdemeanors: *Page 4 
 {¶ 9} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 10} "(a) The nature and circumstances of the offense or offenses;
 {¶ 11} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 12} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 13} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 14} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
 {¶ 15} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 16} R.C. 2929.12(C) sets forth the criteria to be considered in imposing a jail term for a misdemeanor: *Page 5 
 {¶ 17} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 18} "(1) The victim induced or facilitated the offense.
 {¶ 19} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 20} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 21} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 22} Appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary.State v. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361; State v.Kelly (June 17, 2005), Greene App. No. 2004CA122, 2005-Ohio-3058;State v. Kandel, supra, 2004-Ohio-6987 at ¶ 25.
 {¶ 23} Appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978),57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, *Page 6 
supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v.Firouzmandi, supra. State v. Lewis, L 2702448, 3-4 (Ohio App. 5 Dist.,2007).
 {¶ 24} R.C. 2929.21 provides in part,
 {¶ 25} A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public."
 {¶ 26} Appellant's sentence was within the range provided in R.C. 2929.24(A)(3), which permits a court to impose a sentence of not more than sixty days for a misdemeanor of the third degree. *Page 7 
 {¶ 27} Although not required to do so, the trial court stated reasons in support of the imposition of a jail term, citing concerns for public safety, concerns for the Appellant's safety, and Appellant's lengthy history of speeding infractions. The reasons stated by the trial court suggest the court did in fact consider the factors found in R.C. 2929.22, and the principles found in R.C. 2929.21. The record does not reveal any evidence to the contrary which would rebut the presumption that the statutory factors were considered. Finally, the trial court specifically found community control would be inappropriate for the Appellant under the circumstances clearly showing a community control sanction was considered.
 {¶ 28} Appellant's first and second Assignments of Error are overruled.
 {¶ 29} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the Delaware Municipal Court.
 Delaney, J., Hoffman, P.J., and Gwin, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware Municipal Court is affirmed.
Attorney Michael C. Hoague's motion to withdraw as counsel for Appellant is hereby granted.
 COSTS TAXED TO APPELLANT. *Page 1