[Cite as *State v. Haldeman*, 2013-Ohio-4804.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-COA-042 |
| CORY J. HALDEMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland County
Court of Common Pleas, Case No.12-CRI-
092

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 30, 2013

APPEARANCES:

For Plaintiff-Appellee

PAUL LANGE
RAMONA ROGERS
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant

JAMES BANKS
Box 40
Dublin, OH 43017

*Gwin, P.J.*

{¶1} Appellant Cory J. Haldeman appeals his convictions and sentences resulting from a negotiated guilty plea to three counts of Attempted Unauthorized use of the Ohio Law Enforcement Gateway, misdemeanors of the first degree.

### *Facts and Procedural History*

{¶2} Haldeman previously served as a Special Deputy for the Ashland County Sheriff's Office. While holding this position, Haldeman also owned and operated a private investigator company called Private Investigations and Security, LLC. While he was employed by the Ashland County Sheriff s Office, Haldeman had access to the Ohio Law Enforcement Gateway, which is a computer database available to law enforcement to access information regarding criminal histories and Ohio Bureau of Motor Vehicle records.

{¶3} During the period of November 1, 2011 to April 18, 2012, Haldeman illegally accessed the Ohio Law Enforcement Gateway for his private use. On April 18, 2012, Lieutenant Scott Smart of the Ashland County Sheriff's Office interviewed Haldeman about these allegations. During this interview, Haldeman admitted to Lieutenant Smart that he had accessed the Ohio Law Enforcement Gateway records of the various individuals set forth in the Bill of Information for a paying client in capacity as a private investigator.

{¶4} Pursuant to a negotiated plea agreement, the state filed a Bill of Information charging Haldeman with three counts of Attempted Unauthorized Use of the Ohio Law Enforcement Gateway, all misdemeanors of the first degree. On August 27, 2012, with counsel accompanying him, Haldeman pled guilty to these three charges.

Sentencing was deferred and the Court ordered that a Pre-sentence Investigation Report be prepared.

{¶5} Prior to the sentencing hearing, the state requested a hearing before the Ashland County Court of Common Pleas to ensure that Haldeman's guilty pleas were voluntarily entered. On October 23, 2012, the trial court conducted this hearing. During the October 23, 2012 hearing, Haldeman refuted any claim that he was forced to plead guilty to the charges contained in the Bill of Particulars. Specifically,

[THE COURT]: The State's motion is relating to a - - making reference to a plea filed in Case Number 1:12-CV-2395 in the United States District Court, Northeastern Division, and it's alleged in that pleading that the plea entered by Mr. Haldeman in this case before this Court on August 27, 2012, was entered involuntarily.

And thus, there is a request by the State that the Court verify and inquire of the Defendant as to whether or not, in fact, that plea previously entered into in August of this year was voluntarily or not voluntary.

* * *

[THE COURT]: Mr. Haldeman, you heard what your attorney has said, are you in any way or have you in any way indicated to a third party, asserted that the plea that you entered August 27, 2012 was not voluntary?

[MR. HALDEMAN]: No, Your Honor.

[THE COURT]:     Do you still wish to abide by your former plea to the three charges of which you previously entered pleas of guilty to on August 27, 2012? Do you wish to abide by those pleas?

[MR. Haldeman]:    Yes, Your Honor.

[THE COURT]:     Was [sic.] those pleas entered voluntarily and of your own free will?

[MR. Haldeman]:    Yes.

[THE COURT]:     Have you had the opportunity prior to entering the pleas, to fully investigate the nature of the charges, any potential defenses, and all possible penalties associated with those charges with Attorney Spellacy?

[MR. HALDEMAN]: Yes, sir, Your Honor.

[THE COURT]:     Is it your indication at this time, that your plea entered on August 27, 2012 was voluntarily and of your own free will?

[MR. Haldeman]:    Yes, sir.

[THE COURT]:     Are you reaffirming that position today in open court?

[MR. Haldeman]:    Yes.

T. October 23, 2012 at 3; 5-6.

{¶6} On October 29, 2012, the trial court sentenced Haldeman to 120 days in jail on each count of Attempted Unauthorized Use of the Ohio Law Enforcement Gateway and ordered that these sentences be served concurrently. Haldeman's aggregate jail term is, therefore, 120 days.

*Assignments of Error*

{¶7}   Haldeman raises two assignments of error,

{¶8}   "I. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO SELECTIVELY PROSECUTE AND CONVICT THE DEFENDANT.

{¶9}   "II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT."

I.

{¶10} Haldeman argues in his first assignment of error that the trial court erred by allowing the state to selectively prosecute him. At a minimum Haldeman contends the trial court was required to conduct an evidentiary hearing on the issue of selective prosecution.

{¶11} "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *State v. Getsy*, 84 Ohio St.3d 180, 203, 702 N.E.2d 866(1998). In *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15(1980), the Ohio Supreme Court addressed the elements for establishing a selective-prosecution claim:

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.,* based upon such impermissible

considerations as race, religion, or the desire to prevent his exercise of constitutional rights.(Citation omitted.)

{¶12} In *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 532, 709 N.E.2d 1148 (1999), the Supreme Court broadened the second-prong of the test to include any selection deliberately based upon any arbitrary classification. Furthermore, the Ohio Supreme Court has held that "[a] mere showing that another person similarly situated was not prosecuted is not enough; a defendant must demonstrate actual discrimination due to invidious motives or bad faith." *State v. Freeman*, 20 Ohio St.3d 55, 58, 485 N.E.2d 1043(1985). Examples of when such an allegation may be held to be justified are those situations in which selection is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Trzebuckowski,* 85 Ohio St.3d at 530, *quoting Oyler v. Boles*, 368 U.S. 448, 45, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453(1962).

{¶13} As has been noted by both the Ohio and U.S. Supreme Courts, the burden in maintaining a selective prosecution claim is on the defendant as the prosecutor enjoys a presumption that his actions were non-discriminatory in nature. *State v. Keene*, 81 Ohio St.3d 646, 653, 1998-Ohio-342, 693 N.E.2d 246(1998). "In order to dispel [this] presumption * * *, a criminal defendant must present 'clear evidence to the contrary.'" *Id. quoting United States v. Armstrong*, 517 U.S. 456, 463, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687, 698 (1996). The U.S. Supreme Court further noted that in its cases delineating the elements of a selective prosecution case, it has taken "great pains" in explaining that the standard is a quite demanding one. *Armstrong,* 517 U.S. at 468. Such is the case as this type of claim requests a court to exercise

judicial power over a special province of the executive branch of government. *Armstrong*, 517 U.S. at 468, *citing Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714(1985).

{¶14} A review of the record supports the state's position that Haldeman is unable to provide clear evidence to meet the first element of his *prima facie* case. Haldeman is unable to show that the state failed to prosecute other similarly situated individuals for identical conduct. The record is devoid of any indication that other deputy sheriff's had engaged in similar conduct for personal reasons or for profit. Therefore, Haldeman is unable to meet the first portion of the test as recited in *Flynt, supra.*

{¶15} Additionally, the trial court did conduct a hearing in this matter prior to the imposition of sentence. Although requested by the state Haldeman could have, but did not, present evidence that other Ashland County deputy sheriffs had used or attempted to use the Ohio Law Enforcement Gateway system for personal gain and had not been prosecuted. *See, e.g. State v. Michel*, 181 Ohio App.3d 124, 2009-Ohio-450, 908 N.E.2d 456 (9th Dist. Summit).

{¶16} Finally, as noted above, Haldeman assured the trial court at the hearing held October 23, 2012 that his pleas were knowing, intelligent and voluntary. He at no time asked the court to withdraw his plea to the Bill of Information. We note Haldeman was at all times represented by competent counsel of his own choosing.

{¶17} With the exception of Haldeman's unsubstantiated allegations, we can glean nothing substantive from the record to suggest that the actions taken by the state were in any way motivated by prosecutorial vindictiveness or political pressure. Moreover, Haldeman has failed to make even a cursory showing that others similarly

situated have not generally been prosecuted for conduct similar to that forming the basis of the charge against him. Likewise, he has not demonstrated that the claimed selective prosecution was deliberately based upon the basis of his race, religion, or other suspect classification. Unsworn allegations contained within a pleading filed in a separate matter are not "evidence that similarly situated [individuals] ... could have been prosecuted, but were not...." *State v. Keene,* 81 Ohio St.3d 646, 651, 1998-Ohio-342, 693 N.E.2d 246(1998), *quoting United States v. Armstrong,* 517 U.S. 456, 469, 116 S.Ct. 1480, 134 L.Ed.2d 687(1996). Thus, we conclude that Haldeman has failed to establish a prima facie case that he was the victim of selective prosecution.

{¶18} Accordingly, the trial court committed no error.

{¶19} Haldeman's first assignment of error is overruled.

II.

{¶20} In his second assignment of error, Haldeman contends that the trial court improperly considered that he violated a position of trust and failed to consider the positive factors in his case when it imposed a 120-day concurrent sentence.

{¶21} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. *Moffitt v. Ross*, 417 U.S. 600, 610-11, 94 S.Ct. 2437, 41 L.Ed.2d 341(1974); *McKane v. Durston*, 152 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 597(1894); *State v. Smith*, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668(1997); *State v. Firouzmandi,* 5th Dist Licking No. 2006-CA-41, 2006-Ohio-5823.

{¶22} An individual has no substantive right to a particular sentence within the range authorized by statute. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393(1977). In other words "[t]he sentence being within the limits set by the

statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid...." *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690(1948).

**{¶23}** As an appellate court, we will not reverse a trial court's misdemeanor sentencing decision absent an abuse of discretion. *State v. Kandel,* 5th Dist. Ashland No. 04COA011, 2004-Ohio-6987, ¶7. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331(1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894(1990); *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144(1980).

**{¶24}** R.C. 2929.22(B) governs the imposition of sentences for misdemeanors:

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern

of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶25}** R.C. 2929.12(C) sets forth the criteria to be considered in imposing a jail term for a misdemeanor:

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶26}** Appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361(1988); *State v. Kelly*, 2nd Dist. Greene No. 2004CA122, 2005-Ohio-3058; *State v. Kandel, supra*, 2004-Ohio-6987, ¶ 25.

**{¶27}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *Firouzmandi,* 5th Dist No. 2006-CA-41, 2006-Ohio-5823, ¶ 52. Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342(1st Dist. Hamilton 1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147(8th Cir.1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or

exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

**{¶28}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Haldeman's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶29}** A trial judge retains discretion to choose a punishment and may base his or her decision upon facts related to the commission of the crime and/or the circumstances of the offender. "Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime ... without suggesting that those facts must be proved beyond a reasonable doubt." (Citations omitted). *McMillan v. Pennsylvania* 477 U.S. 79, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67(1986).

**{¶30}** In *State v. Wiles* (1991), 59 Ohio St.3d 71, 571 N.E.2d 97(1991), *certiorari denied* 506 U.S. 832, 113 S.Ct. 99(1992), the appellant, Mark W. Wiles, was charged with one count of aggravated murder with two specifications and two counts of aggravated burglary. A three-judge panel found Wiles guilty of aggravated murder and guilty of one count of aggravated burglary and the specifications relative thereto. On appeal, Wiles contended, among other things, that, while a 1983 burglary charge was

dismissed by the three-judge panel, evidence relevant thereto was improperly considered by the court in its sentencing determination.

{¶31} Finding that the objectionable reference arguably encompassed the 1983 burglary, the *Wiles* court stated that consideration of evidence as to the 1983 burglary charge at the sentencing stage did not constitute reversible error. *Id.* at 78, 571 N.E.2d 97. Overruling Wiles' proposition of law, the *Wiles* court stated, "'It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even one of which the defendant has been acquitted.'" *Id.* at 78, 571 N.E.2d 97, *quoting United States v. Donelson*, 695 F.2d 583, 590 (C.A.D.C. 1982) *See, also, United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554(1997).

{¶32} Accordingly, any statements made by the trial court in the case at bar at sentencing regarding its belief that Haldeman had violated a position of trust do not, standing alone, constitute reversible error. *State v. Daniel,* 10th Dist. Franklin Nos. 05AP-564, 05AP-683, 2006-Ohio-4627, ¶40. Prior to sentencing, the court permitted Haldeman's trial counsel to make a lengthy argument for mitigation of Haldeman's sentence. The trial court further permitted Haldeman to address the court. The trial court had the benefit of a pre-sentence investigation report.

{¶33} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of misdemeanor sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21. The trial court specifically referred to these misdemeanor sentencing provisions in open court. Further, the trial court indicated that he had considered imposing consecutive sentences but found they were not warranted in Haldeman's

case. In the case at bar, the trial court had the discretion to impose a one-hundred eighty day jail sentence, but instead imposed a sentence of one-hundred twenty days.

{¶34} Based on the transcript of the sentencing hearing and the trial court's sentencing entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Haldeman's rights to due process under the Ohio and United States Constitutions in its sentence.

{¶35} Haldeman's second assignment of error is overruled.

{¶36} The judgment of the Court of Common Pleas, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

WSG:clw 1021

[Cite as *State v. Haldeman*, 2013-Ohio-4804.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CORY J. HALDEMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-COA-042 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN