[Cite as *State v. Kendrick*, 2011-Ohio-4433.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 10-CA-23 |
| JAMES J. KENDRICK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                                       Municipal Court Case No. 09TRC14473

JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:       August 26, 2011

APPEARANCES:

For Plaintiff-Appellee:                         For Defendant-Appellant:

JOSEPH E. SCHMANSKY 0071860      JAMES J. KENDRICK, Pro Se
70 N. Union St.                                   1488 Silversmith Dr.
Delaware, Ohio 43015                         Delaware, Ohio 43015

*Delaney, J.*

{¶1}   Defendant-Appellant James Kendrick appeals from the judgment of the

Delaware Municipal Court, finding him guilty of one count of Overtaking and Passing

Upon Right, in violation of Delaware City Code 331.04(b), a minor misdemeanor. The State of Ohio is Plaintiff-Appellee.

{¶2} Assignment of error is as follows:

{¶3} "DEFENDANTS CONVICYION [SIC] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶4} We would begin by noting that Appellant fails to comply with App. R. 9(A). App. R. 9(A) requires, in pertinent part:

{¶5} "(A) Composition of the record on appeal

{¶6} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."

{¶7} In addition, the Ohio Supreme Court has stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 284, "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because

an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶8} Appellant raises a manifest weight of the evidence argument in challenging his conviction. "When evaluating whether a conviction is contrary to the manifest weight of the evidence, the appellate court must review the *entire record*, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, at 387, 1997-Ohio-52 (emphasis added), citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. App.R. 9(B) also states, "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevent to the findings or conclusion."

{¶9} Appellant failed to meet his burden by failing to provide a written transcript of the entire trial proceedings. Although Appellant did attach twelve lines of transcript

testimony to his brief, this is insufficient for this Court to properly rule upon Appellant's assignment of error, which would require this Court to consider the entirety of evidence. Moreover, this Court has previously held that [f]actual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *State v. Lewis*, 5th Dist. No. 2006-CA-00066, 2007-Ohio-4783, ¶7, citing *Akro-Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249.

{¶10} Accordingly, the judgment of the Delaware County Municipal Court is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

 

HON. PATRICIA A. DELANEY

 

HON. SHEILA G. FARMER

 

HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : |
| | : |
| Plaintiff-Appellee | : |
| | : |

|   |   |   |
|---|---|---|
| -vs- | : | JUDGMENT ENTRY |
|  | : |  |
| JAMES J. KENDRICK | : |  |
|  | : |  |
| Defendant-Appellant | : | Case No. 10-CA-23 |
|  | : |  |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE